COLT / SINGER / BEA LLP
  Benjamin L. Singer (Bar. No. 264295)
  bsinger@coltsinger.com
  Joseph C. Gabaeff (Bar No. 255054)
  jgabaeff@coltsinger.com
  Douglas S. Tilley (Bar No. 265997)
  dtilley@coltsinger.com
601 Montgomery Street, Suite 1950
San Francisco, CA  94111
Telephone:     (415) 500-6080
Facsimile:      (415) 500-6080

Attorneys for Plaintiff Software Research, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SOFTWARE RESEARCH, INC., | CASE NO. |
| Plaintiff(s), | **COMPLAINT FOR PATENT INFRINGEMENT** |
| v. | **JURY TRIAL DEMANDED** |
| INFOGENIUS.COM, INC. (D/B/A INFOGENIUS, INC.), | |
| Defendant(s). | |

Plaintiff Software Research, Inc. ("SRI" or "Plaintiff"), for its complaint against Defendant InfoGenius.com, Inc. ("Defendant"), upon information and belief, states and alleges as follows:

**NATURE OF THE ACTION**

1.  This is a civil action for infringement of United States Patent No. 7,757,175 ("the '175 Patent"); United States Patent No. 8,327,271 ("the '271 Patent"); United States Patent No. 8,392,890 ("the '890 Patent"); United States Patent No. 8,495,585 ("the '585 Patent"); and United States Patent

1 No. 8,650,493 ("the '493 Patent") (collectively, "Patents In Suit"), which arises under the patent laws
2 of the United States, 35 U.S.C. §§ 1 *et seq.*

3     2. As set forth in more detail below, Defendant has been willfully infringing the Patents
4 In Suit and continue to do so through the present date.

## THE PARTIES

6     3. Plaintiff is a corporation organized and existing under the laws of the State of
7 California with its principal place of business in this District.

8     4. Upon information and belief, Defendant is a Delaware corporation headquartered at
9 961 Marcon Blvd., Suite 400, Allentown, PA 18109-9367.

## JURISDICTION AND VENUE

11     5. This Court has federal question subject matter jurisdiction over Plaintiff's patent
12 infringement claims under 28 U.S.C. §§ 1331 and 1338(a).

13     6. This Court has personal jurisdiction over Defendant because it has committed the acts
14 of patent infringement, including but not limited to the sale of products embodying Plaintiff's
15 patented invention to distributors and end-users, and/or the other unlawful acts complained of herein
16 in this State and this District.

17     7. This Court has personal jurisdiction over Defendant because it has directed its acts of
18 infringement and/or the other unlawful acts complained of herein at this State and this District.

19     8. This Court has personal jurisdiction over Defendant because it has engaged in
20 systematic and continuous contacts with this State and this District by, *inter alia*, regularly
21 conducting and soliciting business in this State and this District, and deriving substantial revenue
22 from products and/or services provided to persons in this State and this District.

23     9. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of
24 the acts complained of herein occurred in this District, Defendant transacts business in this District,
25 and/or the property that is the subject of this action is situated in this District.

26     10. Venue is proper in this District under 28 U.S.C. §§ 1391(c)-(d) and 1400(b) because
27 (i) Plaintiff maintains its principal place of business in this District, and (ii) this is a District in which

1  Defendant is subject to the Court's personal jurisdiction with respect to this action, and/or the District
2  in this State where Defendant has the most significant contacts.

### COUNT I – INFRINGEMENT OF THE '175 PATENT

11. Plaintiff re-alleges and incorporates the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

12. SRI is the assignee and owner of all right, title and interest in and to the '175 Patent, which was issued on July 13, 2010.  A true and correct copy of the '175 Patent is attached hereto as Exhibit A.

13. The '175 Patent addresses an invention for testing websites.  This software innovation tests many facets of the website's experience and operation including providing novel approaches to creating, storing and executing test scripts using website elements as opposed to the previously disclosed use of recording test scripts based upon user actions only.

14. SRI has commercially exploited the '175 Patent by making, marketing, selling, and using products covered by the '175 Patent, including its popular "E-Valid™" software products.

15. At all relevant times, SRI provided public notice of the '175 Patent by properly marking its products under 35 U.S.C. § 287(a).

16. SRI has the exclusive right to make, use, sell and/or offer to sell any product embodying the '175 Patent throughout the United States, and to import any product embodying the '175 Patent into the United States.

17. Defendant has been, and is currently, directly infringing at least claim 25 of the '175 Patent in violation of 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by making, using, selling and/or offering for sale certain website testing software, including products utilizing Defendant's TrueBrowser® technology, for example, its ELayer and AlertBot branded software each titled Web Transaction Monitoring and Website Monitoring (collectively "Defendant's Infringing Products").

18. SRI delivered to Defendant a letter giving Defendant knowledge of the Patents In Suit on October 27, 2014.

19. Defendant will, on information and belief, continue to infringe the '175 Patent unless enjoined.

20. Defendant actively encourages its customers and distributors to use, sell and/or offer for sale Defendant's infringing website testing software.

21. Defendant has encouraged this infringement with knowledge of the '175 Patent and with a specific intent to cause its customers and distributors to infringe.

22. Defendant's acts constitute active inducement of patent infringement in violation of 35 U.S.C. § 271(b).

23. Defendant will, on information and belief, continue to induce infringement of the '175 Patent unless enjoined.

24. Defendant's direct infringement and its actions inducing others to infringe have irreparably harmed SRI.

25. Defendant will, on information and belief, continue to irreparably harm SRI unless enjoined.

26. Defendant has been aware of the '175 Patent since, at least, October 27, 2014.

27. Defendant's infringement of the '175 Patent is and has been willful and deliberate since, at least, October 27, 2014.

28. Defendant's deliberate infringement, without any reasonable justification and despite an objectively high likelihood that its actions constituted infringement of a valid patent, makes this an exceptional case, entitling SRI to treble damages and attorney fees under 35 U.S.C. §§ 284 and 285.

## COUNT II – INFRINGEMENT OF THE '271 PATENT

29. Plaintiff re-alleges and incorporates the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

30. SRI is the assignee and owner of all right, title and interest in and to the '271 Patent, which was issued on December 4, 2012. A true and correct copy of the '271 Patent is attached hereto as Exhibit B.

31. The '271 Patent addresses an invention for testing websites. This software innovation tests many facets of the website's experience and operation including providing novel approaches to

creating, storing and executing test scripts using website elements as opposed to the previously disclosed use of recording test scripts based upon user actions only.

32. SRI has commercially exploited the '271 Patent by making, marketing, selling, and using products covered by the '271 Patent, including its popular "E-Valid™" software products.

33. At all relevant times, SRI provided public notice of the '271 Patent by properly marking its products under 35 U.S.C. § 287(a).

34. SRI has the exclusive right to make, use, sell and/or offer to sell any product embodying the '271 Patent throughout the United States, and to import any product embodying the '271 Patent into the United States.

35. Defendant has been, and is currently, directly infringing at least claim 1 of the '271 Patent in violation of 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by making, using, selling and/or offering for sale certain website testing software, including, for example, Defendant's Infringing Products.

36. SRI delivered to Defendant a letter giving Defendant knowledge of the Patents In Suit on October 27, 2014.

37. Defendant will, on information and belief, continue to infringe the '271 Patent unless enjoined.

38. Defendant actively encourages its customers and distributors to use, sell and/or offer for sale Defendant's infringing website testing software.

39. Defendant has encouraged this infringement with knowledge of the '271 Patent and with a specific intent to cause its customers and distributors to infringe.

40. Defendant's acts constitute active inducement of patent infringement in violation of 35 U.S.C. § 271(b).

41. Defendant will, on information and belief, continue to induce infringement of the '271 Patent unless enjoined.

42. Defendant's direct infringement and its actions inducing others to infringe have irreparably harmed SRI.

43. Defendant will, on information and belief, continue to irreparably harm SRI unless enjoined.

44. Defendant has been aware of the '271 Patent since, at least, October 27, 2014.

45. Defendant's infringement of the '271 Patent is and has been willful and deliberate since, at least, October 27, 2014.

46. Defendant's deliberate infringement, without any reasonable justification and despite an objectively high likelihood that its actions constituted infringement of a valid patent, makes this an exceptional case, entitling SRI to treble damages and attorney fees under 35 U.S.C. §§ 284 and 285.

## COUNT III – INFRINGEMENT OF THE '890 PATENT

47. Plaintiff re-alleges and incorporates the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

48. SRI is the assignee and owner of all right, title and interest in and to the '890 Patent, which was issued on March 5, 2013. A true and correct copy of the '890 Patent is attached hereto as Exhibit C.

49. The '890 Patent addresses an invention for testing websites. This software innovation tests many facets of the website's experience and operation including providing novel approaches to creating, storing and executing test scripts capable of accurately testing Asynchronous Javascript and XML (AJAX) web page elements.

50. SRI has commercially exploited the '890 Patent by making, marketing, selling, and using products covered by the '890 Patent, including its popular "E-Valid™" software products.

51. At all relevant times, SRI provided public notice of the '890 Patent by properly marking its products under 35 U.S.C. § 287(a).

52. SRI has the exclusive right to make, use, sell and/or offer to sell any product embodying the '890 Patent throughout the United States, and to import any product embodying the '890 Patent into the United States.

53. Defendant has been, and is currently, directly infringing at least claim 1 of the '890 Patent in violation of 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by

making, using, selling and/or offering for sale certain website testing software, including, for example, Defendant's Infringing Products.

54. SRI delivered to Defendant a letter giving Defendant knowledge of the Patents In Suit on October 27, 2014.

55. Defendant will, on information and belief, continue to infringe the '890 Patent unless enjoined.

56. Defendant actively encourages its customers and distributors to use, sell and/or offer for sale Defendant's infringing website testing software.

57. Defendant has encouraged this infringement with knowledge of the '890 Patent and with a specific intent to cause its customers and distributors to infringe.

58. Defendant's acts constitute active inducement of patent infringement in violation of 35 U.S.C. § 271(b).

59. Defendant will, on information and belief, continue to induce infringement of the '890 Patent unless enjoined.

60. Defendant's direct infringement and its actions inducing others to infringe have irreparably harmed SRI.

61. Defendant will, on information and belief, continue to irreparably harm SRI unless enjoined.

62. Defendant has been aware of the '890 Patent since, at least, October 27, 2014.

63. Defendant's infringement of the '890 Patent is and has been willful and deliberate since, at least, October 27, 2014.

64. Defendant's deliberate infringement, without any reasonable justification and despite an objectively high likelihood that its actions constituted infringement of a valid patent, makes this an exceptional case, entitling SRI to treble damages and attorney fees under 35 U.S.C. §§ 284 and 285.

## COUNT IV – INFRINGEMENT OF THE '585 PATENT

65. Plaintiff re-alleges and incorporates the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

66. SRI is the assignee and owner of all right, title and interest in and to the '585 Patent, which was issued on July 23, 2013. A true and correct copy of the '585 Patent is attached hereto as Exhibit D.

67. The '585 Patent addresses an invention for testing websites. This software innovation tests many facets of the website's experience and operation including providing novel approaches to creating, storing and executing test scripts capable of accurately testing Asynchronous Javascript and XML (AJAX) web page elements.

68. SRI has commercially exploited the '585 Patent by making, marketing, selling, and using products covered by the '585 Patent, including its popular "E-Valid™" software products.

69. At all relevant times, SRI provided public notice of the '585 Patent by properly marking its products under 35 U.S.C. § 287(a).

70. SRI has the exclusive right to make, use, sell and/or offer to sell any product embodying the '585 Patent throughout the United States, and to import any product embodying the '585 Patent into the United States.

71. Defendant has been, and is currently, directly infringing at least claim 4 of the '585 Patent in violation of 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by making, using, selling and/or offering for sale certain website testing software, including, for example, Defendant's Infringing Products.

72. SRI delivered to Defendant a letter giving Defendant knowledge of the Patents In Suit on October 27, 2014.

73. Defendant will, on information and belief, continue to infringe the '585 Patent unless enjoined.

74. Defendant actively encourages its customers and distributors to use, sell and/or offer for sale Defendant's infringing website testing software.

75. Defendant has encouraged this infringement with knowledge of the '585 Patent and with a specific intent to cause its customers and distributors to infringe.

76. Defendant's acts constitute active inducement of patent infringement in violation of 35 U.S.C. § 271(b).

77. Defendant will, on information and belief, continue to induce infringement of the '585 Patent unless enjoined.

78. Defendant's direct infringement and its actions inducing others to infringe have irreparably harmed SRI.

79. Defendant will, on information and belief, continue to irreparably harm SRI unless enjoined.

80. Defendant has been aware of the '585 Patent since, at least, October 27, 2014.

81. Defendant's infringement of the '585 Patent is and has been willful and deliberate since, at least, October 27, 2014.

82. Defendant's deliberate infringement, without any reasonable justification and despite an objectively high likelihood that its actions constituted infringement of a valid patent, makes this an exceptional case, entitling SRI to treble damages and attorney fees under 35 U.S.C. §§ 284 and 285.

## COUNT V – INFRINGEMENT OF THE '493 PATENT

83. Plaintiff re-alleges and incorporates the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

84. SRI is the assignee and owner of all right, title and interest in and to the '493 Patent, which was issued on February 11, 2014.  A true and correct copy of the '493 Patent is attached hereto as Exhibit E.

85. The '493 Patent addresses an invention for testing websites.  This software innovation tests many facets of the website's experience and operation including providing novel approaches to creating, storing and executing test scripts using website elements as opposed to the previously disclosed use of recording test scripts based upon user actions only.

86. SRI has commercially exploited the '493 Patent by making, marketing, selling, and using products covered by the '493 Patent, including its popular "E-Valid™" software products.

87. At all relevant times, SRI provided public notice of the '493 Patent by properly marking its products under 35 U.S.C. § 287(a).

88. SRI has the exclusive right to make, use, sell and/or offer to sell any product embodying the '493 Patent throughout the United States, and to import any product embodying the '493 Patent into the United States.

89. Defendant has been, and is currently, directly infringing at least claim 1 of the '493 Patent in violation of 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by making, using, selling and/or offering for sale certain website testing software, including, for example, Defendant's Infringing Products.

90. SRI delivered to Defendant a letter giving Defendant knowledge of the Patents In Suit on October 27, 2014.

91. Defendant will, on information and belief, continue to infringe the '493 Patent unless enjoined.

92. Defendant actively encourages its customers and distributors to use, sell and/or offer for sale Defendant's infringing website testing software.

93. Defendant has encouraged this infringement with knowledge of the '493 Patent and with a specific intent to cause its customers and distributors to infringe.

94. Defendant's acts constitute active inducement of patent infringement in violation of 35 U.S.C. § 271(b).

95. Defendant will, on information and belief, continue to induce infringement of the '493 Patent unless enjoined.

96. Defendant's direct infringement and its actions inducing others to infringe have irreparably harmed SRI.

97. Defendant will, on information and belief, continue to irreparably harm SRI unless enjoined.

98. Defendant has been aware of the '493 Patent since, at least, October 27, 2014.

99. Defendant's infringement of the '493 Patent is and has been willful and deliberate since, at least, October 27, 2014.

100. Defendant's deliberate infringement, without any reasonable justification and despite an objectively high likelihood that its actions constituted infringement of a valid patent, makes this an exceptional case, entitling SRI to treble damages and attorney fees under 35 U.S.C. §§ 284 and 285.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, SRI asks this Court to:

A. Find that United States Patent No. 7,757,175 is valid and enforceable against Defendant;

B. Find that Defendant has infringed United States Patent No. 7,757,175;

C. Permanently enjoin Defendant, its officers, agents, servants, employees, and those persons acting in active concert or in participation therewith from infringing United States Patent No. 7,757,175;

D. Award SRI damages sufficient to compensate it for Defendant's past and future infringement of United States Patent No. 7,757,175, together with costs and prejudgment interest;

E. Find that United States Patent No. 8,327,271 is valid and enforceable against Defendant;

F. Find that Defendant has infringed United States Patent No. 8,327,271;

G. Permanently enjoin Defendant, its officers, agents, servants, employees, and those persons acting in active concert or in participation therewith from infringing United States Patent No. 8,327,271;

H. Award SRI damages sufficient to compensate it for Defendant's past and future infringement of United States Patent No. 8,327,271, together with costs and prejudgment interest;

I. Find that United States Patent No. 8,650,493 is valid and enforceable against Defendant;

J. Find that Defendant has infringed United States Patent No. 8,650,493;

K. Permanently enjoin Defendant, its officers, agents, servants, employees, and those persons acting in active concert or in participation therewith from infringing United States Patent No. 8,650,493;

L. Award SRI damages sufficient to compensate it for Defendant's past and future infringement of United States Patent No. 8,650,493, together with costs and prejudgment interest;

M. Find that United States Patent No. 8,495,585 is valid and enforceable against Defendant;

N. Find that Defendant has infringed United States Patent No. 8,495,585;

O. Permanently enjoin Defendant, its officers, agents, servants, employees, and those persons acting in active concert or in participation therewith from infringing United States Patent No. 8,495,585;

P. Award SRI damages sufficient to compensate it for Defendant's past and future infringement of United States Patent No. 8,495,585, together with costs and prejudgment interest;

Q. Find that United States Patent No. 8,392,890 is valid and enforceable against Defendant;

R. Find that Defendant has infringed United States Patent No. 8,392,890;

S. Permanently enjoin Defendant, its officers, agents, servants, employees, and those persons acting in active concert or in participation therewith from infringing United States Patent No. 8,392,890;

T. Award SRI damages sufficient to compensate it for Defendant's past and future infringement of United States Patent No. 8,392,890, together with costs and prejudgment interest;

U. Award SRI treble damages under 35 U.S.C. § 284 as just and proper;

V. Award SRI its reasonable attorney fees under 35 U.S.C. § 285; and

W. Award SRI such other relief as and additional relief as the Court deems just and proper.

Date: May 7, 2015  Submitted By,

COLT / SINGER / BEA LLP

By: _____
  Benjamin L. Singer
  Joseph C. Gabaeff
  Douglas S. Tilley
  Attorneys for Plaintiff Software Research, Inc.